Lawrence SAILER, Plaintiff and Appellant,

v.

RHAME PUBLIC SCHOOL DISTRICT NO. 17, Defendant and Appellee.

Civ. No. 890309.

Supreme Court of North Dakota.

May 14, 1990.

William D. Schmidt of Wheeler Wolf, Bismarck, for plaintiff and appellant.

Gary R. Thune of Pearce & Durick, Bismarck, for defendant and appellee.

LEVINE, Justice.

Lawrence Sailer appeals from a judgment dismissing his suit against Rhame Public School District Number 17 [School District]. We affirm.

The issue presented is whether the trial court erred as a matter of law in determining that Sailer's termination was a nonrenewal rather than a discharge.

Sailer was employed as superintendent of schools by the School District for the period June 1, 1986 through May 31, 1987. After a negative evaluation of Sailer's performance, the board of the School District voted unanimously, on March 17, 1987, to "non-renew superintendent Sailer's current contract for cause." Sailer was present at the meeting and responded to the evaluation.

The School District sent written notice of its decision to Sailer, stating that his current contract would not be renewed "for cause" and notifying him of a right to request a "public hearing" before May 1, 1987. Sailer did not request the public hearing offered him. However, he did continue to function as superintendent, completed the 1986–1987 school year in that capacity, and received in full the salary due him under that contract.

Sailer then sued the School District for reinstatement of the contract for the 1987–1988 school year or monetary damages. He claimed that he was discharged, not nonrenewed, and that the School District's failure to follow the statutory procedures governing discharge [NDCC § 15–47–38.1(4)–(11)] entitled him to a new contract for the 1987–1988 school year (see n. 1, *infra*). The trial court disagreed, dismissing the lawsuit. Sailer appealed, contending the trial court erred as a matter of law.

On appeal, Sailer argues that in order to nonrenew, the School District must not use the words "for cause" and must not grant a public hearing. Nonrenewing "for cause" and offering a public hearing, he argues, converted the termination into a discharge. Sailer has asserted no legal authority, and we have found none, which supports his contention that a nonrenewal for cause is the equivalent of a discharge. We are, therefore, unimpressed by this argument.

Section 15–47–38.1(12), NDCC, governs the nonrenewal of a superintendent. It provides that if a school district notifies the superintendent of its intent not to renew the superintendent's contract, "the school board shall meet with the superintendent to convey the reason or reasons for the nonrenewal if the superintendent requests such a meeting." The statute specifies the minimum process due a nonrenewed superintendent.[1] The statute does not foreclose the provision of additional rights, *e.g.*, a public hearing. Nor does the statute require any particular reason for nonrenewal. *Compare* NDCC § 15–47–38 (reasons for nonrenewal of a teacher must be related to teacher's ability, competence or qualifications or necessities of the district). The statute, in fact, does not address the reasons for nonrenewal. We agree with the trial court that a nonrenewal of a superintendent's contract has the potential for being "for cause." The School District voted to nonrenew Sailer's contract and also noti-

---

1. By contrast, section 15–47–38.1(4)–(11) provides detailed procedures for the discharge of a superintendent. Pursuant to subsection 4, a superintendent is subject to discharge "for good and just causes" and may not be dismissed "arbitrarily or capriciously." NDCC § 15–47–38.1(4). Subsection 5 provides that if a school district intends to discharge a superintendent, the superintendent shall be granted "a hearing before the governing body" of the school district. NDCC § 15–47–38.1(5). A variety of procedural rights attends the hearing. NDCC § 15–47–38.1(5)–(8), (10). Subsection 7 specifically provides that this meeting shall be conducted in an executive session of the board "unless both the school board and the superintendent agree that the meeting shall be open to the public." NDCC § 15–47–38.1(7).

fied him of his nonrenewal. That the nonrenewal was "for cause" did not convert it into a discharge.

There is a functional distinction between nonrenewal and discharge. In a nonrenewal, the School District honors the existing contract. In a discharge situation, the superintendent is immediately dismissed notwithstanding the existing contract. Stated differently, a nonrenewal amends the future relationship of the parties, while a discharge alters their existing relationship. Here, Sailer does not dispute that he continued to function as superintendent until the end of the 1986–1987 school year and was paid the full amount due him under that contract. His present circumstances remained unchanged.

Under these circumstances, we decline to hold that a nonrenewal "for cause" coupled with the offer of a "public hearing" constitute, as a matter of law, a discharge rather than a nonrenewal. Instead, we hold that the trial court did not err in concluding that Sailer's termination was a nonrenewal, not a discharge, nor in concluding that, as is conceded by Sailer, the School District complied with the statutory procedures required to nonrenew a superintendent. Accordingly, we affirm.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.